United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VICTOR MANUEL CONDE CACERES,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX, *et al.*,

Respondents.

Case No. 1:26-cv-06441-NW

**ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER**

Re: ECF No. 4

Before the Court is Petitioner Victor Manuel Conde Caceres' application for a temporary restraining order, which he filed in conjunction with a petition for writ of habeas corpus pursuant to 8 U.S.C. § 2241. Petitioner is currently detained by the Department of Homeland Security at the Golden State Annex Detention Facility. ECF No. 1 ¶ 1. He alleges that his present detention, which has now surpassed one month, violates due process, justifying his immediate release. *See* ECF No. 4 at 9. For the reasons that follow, Petitioner's application for a temporary restraining order is denied as the Court cannot find, on the limited factual record presented here, that he has shown a strong likelihood of success on his due process claim.

As the matter is time sensitive, the Court presumes the parties are familiar with the record and applicable law. Briefly, the limited factual record reflects that Petitioner entered the United States in April 2024 on a B2 visa, which expired on October 8, 2024. ECF No. 1 ¶ 23; ECF No. 10-1 at 3. Records submitted by Respondents suggest that Petitioner applied for asylum after this expiration, but it is unclear what the status of this application is, including whether Petitioner completed biometrics, was granted work authorization by USCIS, or received a social security card. *See* ECF No. 10-1 at 3.

Petitioner was detained by U.S. Immigration and Customs Enforcement on August 1,

2026, while he was boarding a flight at the San Francisco International Airport. *Id*. at 2. The arrest appears to have been made pursuant to a "Warrant for Arrest of Alien[.]" *Id*. at 4. He was then transferred to the Golden State Annex Detention Facility where he remains detained. ECF No. 1 ¶ 1. Following his detention, a custody redetermination hearing was scheduled to take place on August 24, 2026 before an immigration judge. *See* ECF No. 11. Petitioner, however, appears to have withdrawn his request for a hearing. *See* ECF No. 12-1 at 1. Accordingly, no bond hearing has been held.

On this limited factual record, Petitioner has not shown a strong likelihood that due process required he be provided a pre-deprivation hearing prior to his arrest, justifying immediate release here. *See Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008) (a party must show that they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest). Rather, it appears Petitioner's detention is controlled by 8 U.S.C. § 1226(a) entitling him only to a custody redetermination hearing—a fact which Respondents appear to have conceded given that such a hearing was scheduled to take place several days ago. *See* ECF No. 10 at 1 ("Respondents acknowledge, however, that *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), holds that § 1226(a) governs Petitioner's detention"). As the instant record does not show a strong likelihood of success on Petitioner's due process claim, the Court need not address the remaining factors relevant to granting injunctive relief.

The Court, however, notes that habeas relief on due process grounds has been granted in instances where a noncitizen overstayed his visa and the facts demonstrate that immigration authorities knowingly acquiesced to the individual remaining in the country following this expiration. *See, e.g.*, *De La Garza v. Albarran*, No. 25-CV-10305, 2025 WL 3485157, at *4 (N.D. Cal. Dec. 4, 2025) (finding liberty interest where non-citizen had previously applied for legal permanent residence and completed biometrics processing, but was detained at an ICE check-in the following year); *Villanueva-Montanez v. Lyons*, No. 2:26-CV-00954, 2026 WL 797930, at *1 (E.D. Cal. Mar. 23, 2026) (finding that when a noncitizen "enter[s] the United States lawfully" and later seeks lawful immigration status, but is not detained thereafter, it vests the same liberty

United States District Court
Eastern District of California

interest as a prior detention and release); *Anderson v. Chernut*, No. 1:26-CV-01960, 2026 WL 809990, at *2 (E.D. Cal. Mar. 24, 2026) (explaining that "the government's knowing decision not to detain an individual creates a liberty interest in their continued release"); *Kharitonova v. Albarran*, No. 3:26-CV-01362, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (finding that "the government's decision not to detain Petitioner when it processed her [immigration] application, took her biometrics, ... and advised her to appear" for appointments connected with her application gave rise to a liberty interest); *Abdeltawab v. Armant*, No. EDCV 26-01520, 2026 WL 1045564, at *2 (C.D. Cal. Apr. 13, 2026) (finding a liberty interest for petitioners who "have never been in immigration custody in the first place due to years of deliberate acquiescence by [the government]"); *Gagik T. v. Chestnut*, No. 1:26-CV-04337-MWJS, 2026 WL 1837413, at *3 (E.D. Cal. June 25, 2026) (finding liberty interest where petitioner was not detained following the expiration of his B-2 Visa, applying for asylum, and receiving work authorization). The present record does not support such a finding here.

For the foregoing reasons, Petitioner's motion for a temporary restraining order is DENIED. Respondents shall file an Answer to the petition, or statement that they will submit on their prior briefing, by September 9, 2026. Petitioner may file his reply by September 16, 2026. As such, Petitioner's request for an extension to file his reply is denied as moot.

**IT IS SO ORDERED.**

Dated: August 26, 2026

Noël Wise
United States District Judge