UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VICTOR MANUEL CONDE CACERES,
Petitioner,

v.

TONYA ANDREWS, *et al.*,
Respondents.

Case No. 1:26-cv-06441-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 1

Petitioner Victor Manuel Conde Caceres is detained at the Golden State Annex Detention Facility pending the resolution of his removal proceedings. He filed the petition for writ of habeas corpus, and accompanying motion for a temporary restraining order ("TRO"), arguing that his detention violates his procedural due process rights under the Fifth Amendment. *See* ECF No. 1 at 16–17. For the reasons that follow, the Court GRANTS the petition and orders Petitioner's immediate release.

## I. BACKGROUND

Petitioner is a native of Guatemala who entered the United States in April 2024 on a B2 visa, with an expiration in October 2024. *Id.* at 5; ECF No. 10-1 at 3. He remained in the United States following the expiration of his visa. Records submitted by Respondents show that he has no criminal history. ECF No. 10-1 at 3.

The Court previously denied Petitioner's TRO and directed the parties to submit supplemental facts regarding Petitioner's prior interactions with immigration authorities. Petitioner's supplemental reply alleges as follows. Though Petitioner has not previously been detained by immigration authorities, his most recent detention was not his first interaction with them. He submitted an application for asylum and withholding of removal with USCIS in

United States District Court
Eastern District of California

United States District Court
Eastern District of California

November 2025, which remains pending. *Id.*; ECF No. 18-1 at 6–50. USCIS acknowledged receipt of the application, and set Petitioner's biometrics appointment for November 5, 2025, and his asylum interview for March 12, 2026. *Id.* at 53–58. Petitioner attended his appointments and was not detained at either. ECF No. 18 at 5. Rather, Petitioner was detained by ICE in August 2026 at the San Francisco Airport. He has remained detained for the past three months without any assessment by an immigration judge that his continued detention is necessary.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001)

## III. DISCUSSION

Respondents filed a one-paragraph opposition to the petition, arguing that "8 U.S.C. § 1225(b)(2)(A) governs here[,]" but that they "acknowledge" that *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026) "holds that § 1226(a) governs Petitioner's detention." Dkt. No. 10 at 1. They did not otherwise address Petitioner's due process claim.

Judges throughout the Ninth Circuit have held, on facts materially similar to these, "that a noncitizen who has lived at liberty for an extended duration while his immigration case proceeds—pursuant to the Government's affirmative decision not to detain him—holds a protected liberty interest in remaining free from custody, and may not be detained without pre-deprivation process." *Norberto v. Warden*, No. 1:26-CV-04674-MWJS, 2026 WL 1992747, at *4

(E.D. Cal. July 9, 2026) (collecting cases); *see also Kharitonova v. Albarran*, No. 3:26-CV-01362, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (finding that "the government's decision not to detain Petitioner when it processed her [immigration] application, took her biometrics, ... and advised her to appear" for appointments connected with her application gave rise to a liberty interest). That reasoning applies here. Petitioner submitted an asylum application shortly after entering the United States, which remains pending. He attended two USCIS appointments in relation to that application, and immigration authorities saw no need to detain him at either. By acquiescing to his continued presence in the United States, the Government vested in Petitioner a liberty interest in his continued freedom while his immigration case proceeded.

The fact that 8 U.S.C. § 1226(a) authorizes detention during removal proceedings does not defeat Petitioner's due process claim here. Though Respondents suggest that the only relief Petitioner is entitled to is a bond hearing under § 1226(a), "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017). And "the fact that a decision-making process involves discretion does not prevent an individual from having a protectable liberty interest." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019). As Petitioner was permitted to live at liberty for the last several years as his immigration proceedings progressed, he is entitled to further process.

In determining what process is due commensurate with a noncitizen's liberty interest, many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge*. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Each factor favors Petitioner here. His interest in freedom from physical detention is weighty. *See Zadvydas*, 533 U.S. at 690. The risk of erroneous deprivation from seizing an

asylum applicant with no criminal history, and who has already attended two immigration appointments, without any prior opportunity to be heard is substantial. Further, the value of a pre-deprivation hearing in reducing that risk is correspondingly high. In contrast, the Government's interest is minimal: it has identified no reason a custody hearing could not have preceded, rather than followed, Petitioner's detention, and a pre-deprivation hearing imposes only the ordinary administrative burden of a proceeding the Government must ultimately conduct under § 1226(a). Indeed, Respondents offer no specific reason to conclude that post-deprivation process would suffice to cure the constitutional violation in this case.

As Petitioner was not provided with any process prior to his arrest and detention, due process requires that Petitioner be released.

## IV. CONCLUSION AND ORDER

For the reasons stated above, the petition for writ of habeas corpus is GRANTED as to Petitioner's procedural due process claim. The Court ORDERS Respondents to immediately release Petitioner from their custody. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event he becomes subject to an executable final order of removal, or if exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

//

//

//

//

//

The Clerk of Court is directed to close this case and enter judgment for Petitioner. This order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: November 23, 2026

Noël Wise
United States District Judge